UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,  :   Case No.: 15-cr-527 (KMW)
                                          :
                                          :   Honorable Judge Wood
   - against -                       :
                                          :
MRS. FAINSHTEIN FAINSHTEIN  :
                    Defendant.    :
------------------------------------------------------------------------x

**MOTION TO MODIFY DEFENDANT'S SENTENCE AND INCORPORATED MEMO OF LAW IN SUPPORT**

# **TABLE OF CONTENTS**

Table of Authorities…………………………………………………………………………ii

Preliminary Statement………………………………………………………………………..1

Discussion…………………………………………………………………………………...2

    A.  MRS. FAINSHTEIN'S PSYCHOLOGICAL STATE………………………...2

    B.  THE CHILDREN……………………………………………………………….4

        i.        Legal Standard……………………………………………………4

        ii.       ██████.………………………………………………………….6

        iii.      ██████.…………………………………………………………..9

        iv.      Conclusions……………………………………………………….10

    C.  MRS. FAINSHTEIN'S MOTHER………………………………………….....13

    D.  MRS. FAINSHTEIN'S PREGNANCY……………………………………….14

CONCLUSION……………………………………………………………………………15

# **TABLE OF AUTHORITIES**

**CASES**

<u>U.S. v. Aguirre</u>, 214 F.3d 1122 (9th Cir. 2000)………………………………….........5

<u>United States v. Canoy</u>, 38 F.3d 893, at 907 (7th Cir. 1994)…………………..……5

<u>United States v. Dominguez</u>, 296 F.3d 192 (3d Cir. 2002)……………………..….5

<u>United States v. Leon</u>, 341 F.3d 928, (9th Cir. 2003)……………………..………...6

<u>U.S. v. Milikowsky</u>, 65 F.3d 4, 8 (2d Cir. 1995)……………………….………….6

<u>U.S. v. Sclamo</u>, 997 F.2d 970 (1st Cir. 1993)……………………………..………..6

**STATUTES**

18 U.S.C. §1349………………………………………………………………………1

§5C.1 (c)………………………………………………………………………….....15

28 U.S.C. §2255………………………………………………………………………1

U.S.S.G. § 5H1.6…………………………………………………………………….5

18 U.S.C.A. § 3553(b)(1) (Supp. 2004)…………………………………………….5,13

## PRELIMINARY STATEMENT

Mrs. Fainshtein ("Mrs. Fainshtein) and her husband, Mr. Fainshtein ("Mr. Fainshtein") were indicted and subsequently entered into a plea agreement with the Government where each pled guilty to one count of Conspiracy to Commit Mail Fraud pursuant to 18 U.S.C.§1349. On November 24, 2015 The Fainshteins were each sentenced to eight (8) months of incarceration in a federal prison facility. This Court permitted the Fainshteins to serve their sentences consecutively, with Mr. Fainshtein surrendering himself in January 2016 and Mrs. Fainshtein in November 2016. Mr. Fainshtein completed his prison term earlier this year. Now, Mrs. Fainshtein moves this Court pursuant to 28 U.S.C. §2255, to modify her imposed eight month prison term, and in lieu allow her to serve her term under house arrest.

As will be detailed herein, there have been several changes of circumstance in Mrs. Fainshtein's life relating to her family that dictates the appropriateness of a modified sentence permitting Mrs. Fainshtein to serve her sentence under house arrest in lieu of a sentence of incarceration. ███████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████ who strongly recommends against removing Mrs. Fainshtein from the household to serve her incarceration

term. Finally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Mrs. Fainshtein has become her mother's primary caregiver, and is present at her home on a daily basis.

## DISCUSSION

**A. Mrs. Fainshtein's Psychological State**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. Madrid Patient Evaluation Report attached hereto as Exhibit "A". ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Dr. Madrid determined that Mrs. Fainshtein ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which can often exacerbate during times of stress. *Id*.

Furthermore, Dr. Madrid concluded that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As a teenager, Mrs. Fainshtein had the

unfortunate circumstance of finding her grandmother's body after committing suicide due to her depression. Dr. Madrid concluded that there " ███████████████████████████

███████████████████████████████████████████████████████████████

███████████"

In conclusion, Dr. Madrid determined that it would be in the best interest of Mrs. Fainshtein and her children that she be permitted to serve her upcoming prison sentence under house arrest as opposed to being incarcerated in a federal detention facility. *See* Exhibit "A" p. 6-7. Dr. Madrid found that, "████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████"

Dr. Madrid reports that it is her opinion that Mrs. Fainshtein would not be a risk for flight or recidivism based on Mrs. Fainshtein's understanding of her actions in this case and that such were wrong. *Id.* at p.7. ████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████

B. **The Children**

███████████████████████████████████████████████████████

██████████████████████████████████████ Mrs. Fainshtein was worried about the effect that their father's incarceration in prison was having on the children, and what further effects her incarceration may have on them. In determining his evaluation of the children, Dr. Aronson met with Mr. and Mrs. Fainshtein, as well as ████████ and ████ individually on several different occasions. Additionally, Dr. Aronson conducted a home observation of the entire family, and spoke with ████████ and ████ school counselor, pediatrician, additional family members, and a pediatric specialist treating ████████ for Lyme Disease and various other ailments. ████████████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

████ These issues were not considered by this Court at the time of Mrs. Fainshtein's original sentencing, as they only recently manifested after Mr. Fainshtein was incarcerated. As such, Dr. Aronson recommended that Mrs. Fainshtein serve her sentence under house arrest rather than incarceration at a federal detention facility. *Id*. at p 22.

   i.   Legal Standard

Courts have typically taken into account the affect a prison sentence would have on the defendant's family, especially any effect on the guilty party's children. When considering a

downward departure from a recommended or determined sentence based on family circumstances, court should consider the following factors:

> (1) The number of dependents the defendant has, the responsibility the defendant has for them and the role he or she plays in their lives;
>
> (2) Whether the dependents have any special needs and the defendant's role in meeting them;
>
> (3) Whether there are others who could replace the defendant in the dependent's lives;
>
> (4) Whether the defendant's absence would force the family onto public assistance or the children into state custody.

See U.S.S.G. § 5H1.6, 18 U.S.C.A. § 3553(b)(1) (Supp. 2004). A sentencing court does not need to find that the defendant meets all of the above enumerated factors, but merely find that at least one of the factors is established to implement a modified sentence. *Id.*

Courts have held steadfastly to the premise that when a defendant's familial situation is such that it is unusual or extraordinary, the Court has the discretion to modify a prison sentence. *See* United States v. Dominguez, 296 F.3d 192 (3d Cir. 2002); *See also* U.S. v. Aguirre, 214 F.3d 1122 (9th Cir. 2000) (Defendant who was the mother of an eight year old child was granted a downward departure because of the effect the prison sentence would have on the child). Furthermore, the case law does not require that the circumstances must be so extraordinary by any particular degree. *See* United States v. Dominguez, 296 F.3d 192, at 195. In fact, what the court must determine is whether "the period of incarceration set by the [Sentencing] Guidelines would have an effect on the family or family members beyond the disruption to family and parental relationships that would be present in the usual case." *See* United States v. Canoy, 38 F.3d 893, at 907 (7th Cir. 1994).

A court should grant a downward departure for family circumstances when not doing so would create destructive effects on innocent third parties. *See* U.S. v. Milikowsky, 65 F.3d 4, 8 (2d Cir. 1995). Further, the court should grant a downward departure when the defendant has a special relationship with a child, and there would be a negative impact on the child if the defendant was sent to prison. *See* U.S. v. Sclamo, 997 F.2d 970 (1st Cir. 1993) (Defendant was granted probation rather than prison because a prison sentence for the defendant would have negatively affected his girlfriend's son's serious psychological and behavioral problems.). Additionally, permissible downward departures have been given where the defendant can be viewed as an irreplaceable caretaker and the departure is such that it protects the family unit from the negative effects of incarceration. *See* United States v. Leon, 341 F.3d 928, (9th Cir. 2003).

███████ ███████ and ███ were forced to change from the private school they were attending, to public school. Since changing schools, where he had to endure a new environment with no familiar classmates or friends, ███████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ *See* Exhibit "B" at p. 5. Mrs. Fainshtein was called to the school three times by the ███████ teacher in the last year because of concerns regarding his behavioral issues. ███████ also has met with the school's guidance counselor to discuss his behavior. *Id*.

Dr. Aronson spoke with the guidance counsel, Wendy Marciano, who stated that in the previous academic year ▮▮▮ struggled with engaging in appropriate conversations with his peers. *Id*. at p.10. Ms. Marciano conveyed that she, the school, and ▮▮▮ teachers are concerned about sexually related comments ▮▮▮ made about female's anatomy. *Id*. As such, Ms. Marciano reported that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ well with his same-aged peers. *Id*.  This is behavior that started since Mr. Fainshtein's incarceration.

At home, ▮▮▮ has been visibly sad over the departure of his father from the household. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In consideration of the available data indicating that Mrs. Fainshtein is in fact readily available to ▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In regard to his father's absence from the household, ▮▮▮ conveyed to Dr. Aronson that he struggles with the limited visitation he had with his father during the incarceration, and that he wishes he could visit his father more frequently or for longer duration. *Id*. at p. 11. Dr. Aronson concluded that, "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████

██████ did state to Dr. Aronson that he feels much better now that his father is back at home and having the opportunity to spend more time together. *Id*.

███████████████████

███████████████████

███████████████████

███████████████████

███████████████████

███████████████████

██████████

      ███████████████

███████████████████

███████████████████

███████████████████

███████████████████

███████████████████

███████████████████

███████████████████

████████████████

███████

Similar to his brother, ███ began experiencing great difficulties coping following the incarceration of his father. Mrs. Fainshtein reported that she is concerned for ███ under these circumstances. *See* Exhibit "B" p. 6. Most concerning, since his father's incarceration, ███

████████████████████████████████████████████████████████

██████████████████████████████    ████████████████████████

██████████████████████████████    ████████████████████████

██████████████████████████████

████████████████████████████████

███████ Like his brother, ███ was forced to switch school. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████



iv. Conclusions

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████. As such Mr. Fainshtein would not be able to provide the proper care needed by ████████ and ██████ in their current conditions.

As is clearly evident, the situation and circumstances present in the Fainshtein home are indicative of the factors that should be considered in determining if the requested modification of Mrs. Fainshtein's sentence. As to the first factor, "the number of dependents the defendant has, the responsibility the defendant has for them and the role he or she plays in their lives," it is implausible to downplay the role that Mrs. Fainshtein plays in her children's lives. As to both children, ███████████████, Mrs. Fainshtein has almost complete responsibility for their daily lives and well being. Even before Mr. Fainshtein's incarceration, and continuing after, Mrs. Fainshtein is the predominate parental role in ███████████████ lives and such role would be irreplaceable.

As to the second factor, "whether the dependants have any special needs and the defendant's role in meeting them," ███████████████████████████████████████

███████████████████████  ███████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██

As to the third factor, "whether there are others who could replace the defendant in the dependent's lives," it does not appear that any other family member or friend can replace Mrs. Fainshtein. ████████████████████████████████████████ ████████████████████████████████████ Mr. Fainshtein is still in the process of adjusting to life outside of prison and is working long hours to support the family. ████

██████████████████████████████████████████████████████████████

████████████████████████████████████ Additionally, there exists no other feasible family member to care for the children. Though Mrs. Fainshtein's sister lives in the same geographic area, she is currently engrossed in raising her own three children. Furthermore, ████████████████████████████████████████████████████████ around the clock care of her own, and cannot possibly care for two young boys.

As such, not only is a modification of Mrs. Fainshtein's sentence appropriate under the factors that the court should consider, but it is also necessary to safeguard the development of the children.

C. Mrs. Fainshtein's Mother

In addition to her children, Mrs. Fainshtein is currently the primary caretaker for her mother, ▮▮▮▮▮▮▮▮▮▮▮▮▮ Mrs. Fainshtein's mother ▮▮▮▮▮▮▮▮▮▮▮▮▮. By necessity, Mrs. Fainshtein has become the primary caretaker for her mother who requires consistent medical attention. Mrs. Fainshtein is present at her mother's home on a daily basis, and provides most essential tasks for her mother including shopping and cooking, assisting with her medication and taking her to doctor appointments. If Mrs. Fainshtein was to be incarcerated there would be no one else to provide such care for her mother.

As is the case with her children, Mrs. Fainshtein's responsibility to her mother dictates modification of her sentencing. *See* 18 U.S.C.A. § 3553(b)(1) (Supp. 2004). In her current physical state, Mrs. Fainshtein's mother is fully dependent on her on a daily basis for her survival. In the case of Mrs. Fainshtein's mother, she is essentially bed ridden, and cannot complete even the simplest of tasks on her own. Mrs. Fainshtein is the one person available on a daily basis to meet her mother's special needs. Mrs. Fainshtein's sister has been unable to provide any assistance and if Mrs. Fainshtein was to be incarcerated, Mr. Fainshtein would have no time to provide care between work and his responsibilities to ▮▮▮▮▮▮▮▮. Additionally, due to the financial hardships incurred through the forfeiture and restitution they paid, there is no financial means to hire a caregiver for Mrs. Fainshtein's mother.

As such, the factors to be considered by this Court in determining if a modification of Mrs. Fainshtein's sentence based on family circumstances is appropriate necessitates that Mrs.

Fainshtein's eight month prison sentence be modified to house arrest so that she can provide the necessary care for her mother and children.

D. Mrs. Fainshtein's Pregnancy

Mrs. Fainshtein is pregnant with her soon to be third child. ██████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ *See* Affidavit of Dr. Joseph Iwanicki attached hereto as Exhibit "C". ███████████████████████████████████, it is common that complications will arise as the pregnancy progresses into the later trimesters. *Id*. In particular, Mrs. Fainshtein is at ████████████████████████████████████████████████████████ ██████████████████████████████. ████████████████████████████████████████████ ██████████████████████████████████████

As such, during the later trimesters Mrs. Fainshtein will be limited in the activities she will be able to perform, and though it is not required at this time, it is common for women in her situation to be placed on bed rest. *Id*. ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████████

## CONCLUSION

For reasons stated above, Mrs. Fainshtein requests that her sentence be modified to permit her to serve her sentence under house arrest. Mrs. Fainshtein has fully accepted her wrongdoing, paid full forfeiture, and is suffering from great guilt over her prior actions. ███████████████████████████████████████████████████████████████. In accordance, the Presentence Investigation Report ("PSR") notes that Mrs. Fainshtein "has clearly demonstrated acceptance of responsibility," and recommended a probation sentence. *See* The Presentence Investigation Report attached hereto as Exhibit "D". Though regrettable and unfortunate, Mrs. Fainshtein's crimes were non-violent and Mrs. Fainshtein has no prior criminal activity. As such, a prison sentence would not effectuate one of main purposes of a prison sentence, repentance. Nor is she a danger to society that needs to be removed. Mrs. Fainshtein cares deeply for her family and would not risk an additional sentence by noncompliance with the terms of her release.

The PSR calculated a final offense level of eleven (11) based on the nature of the offense, loss incurred, and level of responsibility. *See* Exhibit "D" at p. 8-9. The guideline imprisonment range for such level of offense is eight (8) to fourteen (14) months with the minimum term of imprisonment capable of being satisfied by (1) sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one month is satisfied by imprisonment, pursuant to §5C.1 (c); or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment. Exhibit "D" at p. 14. The PSR recommended a sentence of

two years probation for Mrs. Fainshtein with **no jail time** [emphasis added] or supervised release.  *See* Exhibit "D" at p. 20.  While it was well within this Court's right to not accept such recommendation, the changes in circumstance noted above as to Mrs. Fainshtein's, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Therefore modifying Mrs. Fainshtein's sentence to house arrest/confinement would be just and proper.  It would be in accordance with public policy for the Court, in its inherent powers, to modify Mrs. Fainshtein's sentence as justice dictates.  Mrs. Fainshtein has no prior criminal history and has lived a virtuous life. Mrs. Fainshtein's loyalty to her family has been demonstrated *supra*, and additionally Mrs. Fainshtein has also been a selfless and compassionate person in her capacity as a physician's assistant over many years.  Mrs. Fainshtein would often go above and beyond what was expected of her in order to help the less fortunate. Mrs. Fainshtein would still be punished for the crime that she committed while being able to take care of her children to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, remain as one of the primary caretakers of her mother to make sure she is taken care of, and a hopeful delivery a healthy baby.

Dated:  New York, New York
        October 13, 2015

                                    **DAVIDOFF LAW FIRM, PLLC**

                                    _____/JMD/_____
                                    Jonathan Marc Davidoff, Esq. (#JD9157)
                                    *Attorneys for Defendant*
                                    228 East 45th Street, Suite 1700
                                    New York, New York 10017
                                    Tel:  212-587-5971
                                    Fax:  212-658-9852
                                    Email:  jonathan@davidofflawfirm.com